Leonard M. Shulman – Bar No. 126349
Rika Kido – Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
E-mail:        lshulman@shbllp.com;
                rkido@shbllp.com

Attorneys for Plaintiff
Lynda T. Bui, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:13-bk-26439-MW |
| **NARENDRA D. PATEL and SUNITA N. PATEL,** | Chapter 7 |
| Debtors. | Adv. Case No. |
| | **CHAPTER 7 TRUSTEE'S COMPLAINT:** |
| **LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Narendra D. Patel and Sunita N. Patel,** | 1.  **AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550]** |
| Plaintiff, | 2.  **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];** |
| v. | |
| **MANJULA B. PATEL, an individual.** | |
| Defendant. | 3.  **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550;  CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; and** |
| | 4.  **DISALLOWANCE OF CLAIMS** |

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

Lynda T. Bui, solely in her capacity as the duly appointed, qualified and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Narendra D. Patel and Sunita N. Patel ("Debtors"), hereby brings this Complaint and respectfully complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.    This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2.    Plaintiff, as Trustee, has standing to bring this action under 11 U.S.C. §§ 323, 544, 547, 548, and 550.

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.    This adversary proceeding arises and is related to the Debtors' bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code by the Debtors on October 3, 2013 ("Petition Date") in the Central District of California, Riverside Division.

5.    Venue is proper in this District pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $18,675.00.

6.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (b)(2)(F) (proceeding to determine, avoid and/or recover preferences); and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances).  To the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

7.    To the extent that the Plaintiff asserts claims under 11 U.S.C. §544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or are not allowable under

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

1

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

11 U.S.C. §502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## **PARTIES**

8.      Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee for Debtors' Estate, and brings the claims asserted herein in that capacity.

9.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein Manjula B. Patel ("Defendant") is and was an individual residing in the County of Maricopa, State of Arizona.

10.      Plaintiff is informed and believes and thereon alleges that Defendant is the sister of the Debtor, Narendra D. Patel ("Mr. Patel").

## **GENERAL ALLEGATIONS**

11.      On October 3, 2013, the Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

12.      Lynda T. Bui is the duly appointed, qualified and acting Chapter 7 trustee in the Debtors' bankruptcy case.

13.      The Trustee is informed and believes and thereon alleges that as of August 16, 1996, the Debtors owned the real property located at 627 Terra Drive, Corona, CA 92879 ("Property"), as joint tenants.

14.      Pursuant to a Deed of Trust with Assignment of Rents ("Deed of Trust") recorded on March 7, 2013 in the Riverside County Recorders' Office as Recording No. 2013-0114157, the Debtors granted Defendant a lien against the Property in the principal amount of $195,000.00 ("Transfer").  The Deed of Trust is dated February 25, 2013.

15.      Other than a chart providing for sporadic charges for improvements made to the Property well before the Transfer, the Trustee has not been provided any written evidence of any consideration given by Defendant to the Debtors in exchange for the Transfer.

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

2
Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CLAIM FOR RELIEF**

**[Avoidance and Recovery of Preferential Transfer]**

**(11 U.S.C. §547, 550)**

16.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

17.    The Debtors explained that the Transfer was made as a repayment of monies loaned to the Debtor by the Defendant although the loan was not memorialized in writing.

18.    The Trustee asserts that the Transfer was: (i) made on account of antecedent debt owed to Defendant; (ii) made while the Debtors were insolvent; (iii) made on or within ninety (90) days prior to the Petition Date and in no event, more than one (1) year prior to the Petition Date; and (iv) enabled Defendant to receive more than she would receive if such Transfer had not been made.

19.    Plaintiff is informed and believes and thereon alleges that Defendant is an insider, as "insider" is defined in Bankruptcy Code Section 101(31).

20.    Plaintiff is informed and believes and thereon alleges that the Transfer was made to or for the benefit of Defendant.

21.    Plaintiff is informed and believes and thereon alleges that the Transfer was made for or on account of an antecedent debt owed by Debtors to Defendant before the Transfer was made.

22.    Plaintiff is informed and believes and thereon alleges that the Transfer was made while Debtors were insolvent.

23.    Plaintiff is informed and believes and thereon alleges that the Transfer enabled Defendant to receive more than she would have received as a creditor if:  (a) the Transfer had not been made; and (b) Defendant received payment of the debt they were owed to the extent provided under Title 11 of the United States Code.

24.    Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to avoid and recover the Transfer pursuant to 11 U.S.C § 547 and 550.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

**SECOND CLAIM FOR RELIEF**

**[Avoidance and Recovery of Intentional Fraudulent Transfer]**

**(11 U.S.C. §§ 544, 548(a)(1)(A), 550; California Civil Code § 3439 et. seq.)**

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

26.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

27.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made either in anticipation of bankruptcy and/or to prevent the Debtors from paying their debts.

28.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made for the purpose of preventing a prospective bankruptcy trustee and/or creditors of the debtor from obtaining the value of the Transfer.

29.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay or defraud creditors, including Plaintiff.

30.    The Trustee is informed and believes, and on that basis alleges, that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.07, 3439.09.

31.    Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer from Defendant or from whom entity for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee.

32.    The Transfer is recoverable from Defendant as a fraudulent transfer under 11 U.S.C. § 550.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4
Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

### THIRD CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Fraudulent Transfer]**

**(11 U.S.C. §§ 544, 548(a)(1)(B), 550 and California Civil Code § 3439 et. seq.)**

33.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

34.     Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

35.     The Trustee is informed and believes that the Transfer from Debtors to Defendant was made: (i) for less than reasonably equivalent value to Debtors or any value, in exchange for said Transfer and is presumed a gift between a parent to a child; (ii) while the Debtors were engaged or was about to be engaged in a business or a transaction for which the remaining assets of were unreasonably small in relation to the business or the transaction; (iii) while Debtors intended to incur, or believed or reasonably should have believed they would incur, debts beyond their ability to pay them as they became due; and/or (iv) by the time that the Debtors were insolvent and/or were rendered insolvent by virtue of the Transfer.

36.     The Trustee is informed and believes, and on that basis alleges, that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.09.

37.     Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer from Defendant or from whom entity for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee.

38.     The Transfer is recoverable from Defendant as a fraudulent transfer under 11 U.S.C. § 550.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

# FOURTH CLAIM FOR RELIEF

## [Disallowance of Claims]

### (11 U.S.C. § 502(d))

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 15 and realleges these paragraphs as though set forth in full.

40.    Plaintiff is informed and believes and based thereon alleges that the Defendant received avoidable transfers and Defendant is a party from which such transfers are recoverable pursuant to 11 U.S.C. §550.

41.    Defendant has not paid the amount or turned over any such property for which Defendant is liable pursuant to the Bankruptcy Code.

42.    Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim, such claim should be disallowed.

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1.    For avoidance of the Transfer under 11 U.S.C. §§ 544, 548 and/or Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09;

2.    For avoidance of the Transfer under 11 U.S.C. § 547;

3.    That Judgment be entered against the Defendant for the value of the Transfer;

4.    That if Defendant fails or refuses to turn over the Transfer and/or the value of the Transfer to Plaintiff, any claim of Defendant shall be disallowed;

5.    For an award of attorney's fees along with costs of suit incurred herein;

6.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: November 11, 2014        _/s/ Rika M. Kido_____
                                 Leonard M. Shulman
                                 Rika M. Kido
                                 Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Manjula\Pld\Complaint 001.docx
4787-000/85

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Leonard M. Shulman – Bar No. 126349<br>Rika M. Kido – Bar No. 273780<br>SHULMAN HODGES & BASTIAN LLP<br>8105 Irvine Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>E-mail: lshulman@shbllp.com; rkido@shbllp.com<br><br><br>*Attorney for Plaintiff*  Lynda T. Bui, Chapter 7 Trustee | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>NARENDRA D. PATEL and SUNITA N. PATEL,<br><br><br><br>Debtor(s). | CASE NO.: 6:13-bk-26439-MW<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
| LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Narendra D. Patel and Sunita N. Patel,<br><div align="right">Plaintiff(s)</div><br><div align="center">Versus</div><br>MANJULA B. PATEL, an individual.<br><br><br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| |
|---|
| **Hearing Date:** _____  **Place:**<br>**Time:** _____  ☐ 255 East Temple Street, Los Angeles, CA 90012<br>**Courtroom:** Video Ctrm 225  ☑ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

FORM B104  (08/07)                                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Narendra D. Patel and Sunita N. Patel | DEFENDANTS<br>MANJULA B. PATEL, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Shulman Hodges & Bastian LLP<br>8105 Irvine Center Drive, Suite 600, Irvine, CA 92618<br>T: 949-340-3400; F: 949-340-3000 | **ATTORNEYS** (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Chapter 7 Trustee's Complaint for: 1) Avoidance of Preferential Transfers and Recovery of Same [11 U.S.C. Sections 547, 550]; 2) Avoidance of Intentional Fraudulent Transfers and Recovery of Same [11 U.S.C. Sections 544, 548, 550; Cal. Civ. Code Sections 3439.04, 3439.07]; 3) Avoidance of Constructive Fraudulent Transfers and Recovery of Same [11 U.S.C. Sections 544, 548, 550; Cal. Civ. Code Sections 3439.04, 3439.05, 3439.07]; and 4) Disallowance of Claims

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☑ 12-Recovery of money/property - §547 preference

☑ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

**(continued next column)**

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>NARENDRA D. PATEL and SUNITA N. PATEL | | BANKRUPTCY CASE NO.<br><br>6:13-bk-26439-MW |
| DISTRICT IN WHICH CASE IS PENDING<br><br>Central District of California | DIVISIONAL OFFICE<br><br>Riverside | NAME OF JUDGE<br><br>Honorable Mark S. Wallace |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Rika M. Kido | |
| DATE<br><br>11/11/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Rika M. Kido, Esq.<br>Counsel for Lynda T. Bui, Chapter 7 Trustee |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.